IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEGAN ELIZABETH ALTORFER,

No. 3:14-cv-01933-HZ

                Plaintiff,

OPINION & ORDER

    v.

COMISSIONER, SOCIAL SECURITY
ADMINISTRATION

                Defendant.

Max Rae
P.O. Box 7790
Salem, OR 97303

       Attorney for Plaintiff

//

//

//

//

1 – OPINION & ORDER

Billy J. Williams
United States Attorney
District of Oregon
Janice E. Hebert
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97204

Lisa Goldoftas
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff Megan Elizabeth Altorfer was the prevailing party in an Order issued by this Court, reversing and remanding the Defendant Commissioner's decision to deny Social Security benefits. She now moves for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Defendant objects to the motion, arguing that Plaintiff's request is unreasonable and that Plaintiff's fees should be further reduced because of Plaintiff's counsel's billing practices. The Court disagrees, and grants Plaintiff's motion.

**STANDARDS**

      For a court to award attorney's fees pursuant to the EAJA, 1) the plaintiff must be the prevailing party; 2) the government must not have met its burden showing that its positions were substantially justified or that special circumstances make the award unjust; and 3) the requested attorney's fees must be reasonable. Perez-Arrellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(1)(A)).

//

**DISCUSSION**

On December 18, 2015, this Court issued a Judgment reversing and remanding an Administrative Law Judge's ("ALJ") decision not to award Plaintiff benefits. As the prevailing party, Plaintiff requests EAJA fees in the amount of $10,127.36 for 53.39 hours of work. Pl.'s Mot. for Att'y Fees at 4, 5, ECF No. 25. Defendant contends that Plaintiff's fee request is unreasonable in the total number of hours expended, and further argues that Plaintiff's fees should be reduced because Plaintiff's counsel engaged in block billing and used an unstandardized method to track time. Def.'s Obj. at 2–3, 7–9, ECF No. 27.

An award of attorney's fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). A district court has an independent duty to review the fee request to determine its reasonableness. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). In deciding fee petitions, a court must determine the reasonable number of hours expended by counsel, and the reasonable hourly rate of that counsel. Hensley, 461 U.S. at 434. The fee applicant bears the burden of documenting the appropriate hours expended and must submit evidence in support of those hours worked. Gates, 987 F.2d at 1397. The opposing party then has the burden of rebuttal which requires submission of evidence to challenge the accuracy and reasonableness of the hours charged. Id. at 1397–98. Where documentation is inadequate, the court may reduce the requested award. Hensley, 461 U.S. at 433–34.

First, Defendant asserts that Plaintiff spent an unreasonably large amount of time working on the case. Defendant cites Costa v. Commissioner of Social Security Administration, for the proposition that courts must consider four factors when determining how much time an attorney can reasonably spend on a case. 690 F.3d 1132, 1136 (9th Cir. 2012). In Costa, the

Ninth Circuit held that a district court's decision to reduce the prevailing plaintiff's award of attorney's fees by twenty hours, or nearly one-third of the total reported hours, was an abuse of discretion. Id. at 1135. The Oregon district court held that the reported average was 20 to 40 hours in "routine" Social Security cases, and that plaintiff-counsel's report of sixty hours was well over the average and, thus, unreasonable. Id. at 1134. The Ninth Circuit reasoned that the district court's failure to give further explanation was an abuse of discretion because a reasonable amount of time "will always depend on case-specific factors *including, among others,* the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." Id. 1136. (emphasis added). The Ninth Circuit also rejected the "informal district-wide" forty hour limit that the district court had referred to. Id. at 1137.

These factors listed in Costa are not concrete, absolute statements of the law—they are, instead, a handful of guiding factors. That being said, in assessing this case in light of those factors, the Court disagrees with Defendant. Though the procedural history was standard Social Security fare, and the record was not of any significant length, the case was factually dense. For example, while an argument regarding a plaintiff's credibility is common, in this case, the ALJ provided six independent reasons in support of the negative credibility determination. For Plaintiff to convince the Court that the ALJ erred on this issue, Plaintiff had to convincingly address each of those six reasons. Plaintiff's opening brief and reply were both necessarily of considerable length, considering the various issues in the case. Plaintiff's counsel raised as many arguments as possible in his opening brief, and the fact that the Court did not individually address each of those arguments is not conclusive that the time spent drafting the brief was unreasonable. Furthermore, the fact that it took Plaintiff's counsel more than forty hours to work on the entire, fact-rich case, was not unreasonable.

Second, Defendant argues that Plaintiff's fees should be reduced because Plaintiff engaged in block billing and unstandardized time-keeping. Def.'s Obj. at 2–3, 7–9. Defendant contends that the majority of Plaintiff's time entries consist of the phrase "[p]repare Plaintiff's Opening Brief," and that this is too vague a description of the completed tasks. Id. at 7. However, the Court notes that Plaintiff's descriptions of drafting a brief could not have been any more detailed. The Ninth Circuit defines block billing as "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007). In Social Security appeals, because the fact-finding has been conducted at the administrative level, there is a limited range of tasks to be completed when the matter reaches a district court. Those tasks include reviewing the record and conducting legal research, which are part and parcel of drafting opening and reply memoranda. There is no indication that Plaintiff's counsel spent time doing any other task which could be delineated, and Defendant provides no further evidence to rebut this. Alternatively, given the limited range of tasks performed at this stage, even if the failure of a plaintiff's Social Security attorney to segregate time spent on record review and research from actually drafting a brief is considered block billing, the Court exercises its discretion to award Plaintiff all the requested time.

The Court also cannot see how Plaintiff's counsel's time-keeping method is problematic. Plaintiff's counsel uses an electronic timer to keep track of time spent on a task, and his time was recorded down to the hundredths of an hour. Pl.'s Reply at 2, ECF No. 28. Defendant cites Neil v. Commissioner of Social Security for the idea that time keeping methods that do not count tenths of an hour merit a fee reduction. 495 F. App'x 845, 847 (9th Cir. 2012). In Neil, the disputed time-keeping method was for quarter hour billing. ("the district court's deduction of ten

(10) percent from time spent preparing the opening brief for . . . . use of quarter hour billing increments was not an abuse of discretion"). Understandably, billing in quarter hours often increases the likelihood of counsel rounding up in order to complete an increment. As Plaintiff's counsel notes, his actual time spent is more accurate and reduces the need for rounding. Consequently, the Court rejects Defendant's argument and will not reduce Plaintiff's requested fees because of counsel's time-keeping methods.

## CONCLUSION

For the reasons stated, Plaintiff's motion for EAJA fees [25] is GRANTED. Plaintiff is awarded $10,127.36 in fees.


IT IS SO ORDERED.

Dated this _____ day of _____, 2016.


_____
MARCO A. HERNÁNDEZ
United States District Judge